obtained judgment on *January* 21, 1860, in the *Fayette* Circuit Court. The makers had become insolvent, and the money was not made, and now *Cockefair*, the assignee, sues *Frybarger*, the assignor, upon his assignment. In his complaint he showed neither diligence, nor an excuse for the want of it, and hence the complaint was bad. How far it might be cured by reply, see *Reilley* v. *Rucker*, 16 Ind. 303. *Frybarger* answered that the assignment of the note by him to *Cockefair* was without any consideration, paid, or to be paid. To this answer the Court sustained a demurrer. In this the Court erred. Appellee's counsel contend that the error, if it be such, should not reverse the case, because evidence of want of consideration might have been given under the general denial. We think such evidence could not have been given under the general denial. The suit was upon the assignment, a *prima facie* cause of action. Under the new code, want of consideration for a written instrument, of the class which, *prima facie*, imports a consideration, must be specially answered.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for further proceedings, with leave to amend, &c.

*Jno. S. Reid*, for the appellant.

*B. F. Claypool* and *L. Develin*, for the appellee.

Nov. Term,<br>1861.<br><br>Myers<br>v.<br>Pearsoll.

---

## MYERS v. PEARSOLL.

APPEAL from the *Laporte* Common Pleas.

*Per Curiam.*—Notice of an intended application for his removal was given to a guardian. He appeared in Court, and was present when the order of removal was made. He took no exception.

The judgment is affirmed, with costs.

*James Bradley* and *D. J. Woodward*, for the appellant.

*S. Major*, for the appellee.

Wednesday,<br>December 11.